47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HARTFORD ACCIDENT AND INDEMNITY CO., Plaintiff-Appellee,
v.
INDUSTRIAL EXCESS LANDFILL, INC., Hybud Equipment Corp., and
Hyman Budoff, Defendants-Appellants,
 Nos. 93-3689, 93-3765.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1995.
 
 Before: LIVELY, JONES and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff, Hartford Accident and Indemnity Company, brought this diversity action in the district court seeking a declaratory judgment that it was not liable to its insureds, defendants Industrial Excess Landfill, Inc., Hybud Equipment Corp., and Hyman Budoff, under five comprehensive policies issued by the plaintiff at various times over a 16-year period. Invoking their rights under the policies, the defendants had called upon Hartford to defend and indemnify them in a consolidated CERCLA action brought by the United States Environmental Protection Agency and the Ohio Environmental Protection Agency that was then pending in federal court. The district court granted summary judgment to Hartford on all the policies at issue in the declaratory judgment suit and, sua sponte, dismissed certain counterclaims by the defendants. We find no merit to the issues raised by the defendants on appeal, and we therefore affirm.
 
 
 2
 Indeed, our review of the record, the briefs, and the district court's memorandum opinions in this case convinces us that the district court's judgment was correct in its essential aspects. We further conclude that the judgment should be affirmed for the reasons given by the district court, without the necessity of further written explication on those issues covered in the court's opinion.
 
 
 3
 Two additional matters require comment, however. One is a jurisdictional question not raised below and, therefore, not treated in the district court's opinion. The defendants insist that under well-settled Sixth Circuit precedent, district courts should decline to exercise diversity jurisdiction in declaratory judgment actions involving insurance disputes but no federal questions. Here, they contend, there is no federal question and the case involves insurance law, an area of litigation and resolution best left to the states. We note, however, that all of the cases cited by the defendants in support of abstention involved concurrent state court actions giving rise to, among other things, the possibility of conflicting or inconsistent rulings on the same issue.
 
 
 4
 Here, both the declaratory judgment action and the underlying action were pending in the Northern District of Ohio. As for the substantive issue of law raised in the declaratory judgment action, i.e., whether the pollution exclusion clause in the Hartford insurance policies applied to the facts pleaded in the CERCLA action, that question had already been determined as a matter of state law by the Ohio Supreme Court in its opinion in Hybrid Equipment Corp. v. Sphere Drake Ins. Co., 64 Ohio St. 3d 657, 597 N.E.2d 1096 (1992), cert. denied, 113 S.Ct. 1585 (1993), involving the same facts, the same insureds, and the same pollution exclusion clause at issue in this case. We conclude that the declaratory judgment action, having been litigated to this point, should not be dismissed for lack of jurisdiction. In reaching this determination, we are guided by the standards set out in Allstate Ins. Co. v. Green, 825 F.2d 1061, 1063 (6th Cir. 1987).
 
 
 5
 One other issue raised on appeal requires at least a brief comment. Although it appears that in dismissing the defendants' counterclaims sua sponte, the district judge was not in compliance with Rule 56(c) of the Federal Rules of Civil Procedure, it further appears that this action was taken without notice and an opportunity to be heard because the counterclaims were based solely on the same facts that gave rise to the summary judgment in the plaintiff's favor. Under these circumstances, we cannot say that the order of dismissal constituted reversible error.
 
 
 6
 The judgment of the district court is AFFIRMED.